IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICOH AMERICAS CORPORATION, <br><br> Defendant. | 6:12-cv-00235-LED-JDL <br> LEAD CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TRENDNET, INC., <br><br> Defendant. | 6:12-cv-00236-LED-JDL <br> CONSOLIDATED CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORPORATION, <br><br> Defendant. | 6:12-cv-00237-LED-JDL <br> CONSOLIDATED CASE |

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., et al., <br><br>    Defendants. | 6:12-cv-00329-LED-JDL <br> CONSOLIDATED CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> SHARP ELECTRONICS CORPORATION, <br><br>    Defendant. | 6:12-cv-00330-LED-JDL <br> CONSOLIDATED CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> DIGI INTERNATIONAL INC., et al., <br><br>    Defendants. | 6:12-cv-00351-LED-JDL <br> CONSOLIDATED CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> CIRRUS LOGIC, INC., et al., <br><br>    Defendants. | 6:12-cv-00366-LED-JDL <br> CONSOLIDATED CASE |

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NETGEAR, INC., <br><br> Defendant. | 6:12-cv-00399-LED-JDL <br> CONSOLIDATED CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | 6:12-cv-398 LED-JDL <br> CONSOLIDATED CASE |
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V., et al., <br><br> Defendants. | 6:12-cv-00481-LED-JDL <br> CONSOLIDATED CASE |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:[1]

---

[1] Defendant STMicroelectronics N.V. has not yet been served with a copy of the complaint, did not participate in the meet and confer, and has not yet answered or otherwise appeared in the case.

| April 14, 2014 Court designated date – not flexible without good cause – Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
|---|---|

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A. <u>On the first day of trial</u>, each party is required to have on hand the following:

    (1) One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in properly marked manila folders and contained in a box with handles.

    (2) Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."

B. During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day. A description of the exhibits is not necessary, just a list containing the exhibit numbers. For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (*the date*)." Said daily lists are to be tendered the following day. (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial).

C. At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:

    (1) A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in Word format.

    (2) A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.

    (3) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition. F. After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office.

| April 7, 2014 Court designated date – not flexible without good cause – Motion Required | 9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
|---|---|

| | |
|---|---|
| **March 27, 2014**<br><br>Court designated date – not flexible without good cause – Motion Required | 9:00 a.m. **PRETRIAL CONFERENCE** at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br><br>All pending motions will be heard. |
| March 25, 2014 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| March 20, 2014 | Responses to Motions in Limine due. |
| March 17, 2014 | **Motions in Limine due.** The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| March 17, 2014 | **Pretrial Objections due.** |
| March 7, 2014 | **Objections to Rebuttal Deposition Testimony due.** |
| February 28, 2014 | **Rebuttal Designations and Objections to Deposition Testimony due.** Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| February 18, 2014 | **Pretrial Disclosures due.**<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| January 31, 2014 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| January 28, 2014 | **Second mediation to be completed.** |
| January 21, 2014 | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |

| | |
|---|---|
| **December 11, 2013**<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| December 9, 2013 | **Parties to Identify Rebuttal Trial Witnesses.** |
| November 27, 2013 | **Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing).** It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| November 13, 2013 | **Discovery Deadline.** |
| October 23, 2013 | **Document Production Deadline.** |
| October 14, 2013 | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due. Refer to Local Rules for required information. |
| October 11, 2013 | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.** See the Court's website for further information. |
| October 4, 2013 | Parties with burden of proof designate expert witnesses (non-construction issues). Expert witness reports due. Refer to Local Rules for required information. |
| September 4, 2013 | Comply with P.R.3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |
| May 15, 2013 | First mediation to be completed. |
| **April 4, 2013**<br><br>Court designated date – not flexible without good cause – Motion Required | *Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br><br>In order to streamline the *Markman* hearing, the Court will propose a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' arguments under advisement and issue a claim construction opinion at a later date. |

| | |
|---|---|
| March 28, 2013 | P.R. 4-5(d) Chart due. The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |
| March 25, 2013 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction. The filing party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |

| March 11, 2013 | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |
|---|---|
| February 22, 2013 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| February 20, 2013 | Tutorials due. Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| February 14, 2013 | **Discovery Deadline - Claim Construction Issues.** |
| February 8, 2013 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |

| | |
|---|---|
| January 31, 2013 | **Respond to Amended Pleadings.**<br><br>Defendants shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendants shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims.<br><br>Defendants shall add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| January 24, 2013 | Proposed Technical Advisors due if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| January 17, 2013 | Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline.<br><br>Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims.<br><br>Plaintiff shall add additional products. It is not necessary to file a motion to add additional products prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |

| | |
|---|---|
| January 14, 2013 | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. A maximum of 10 terms will be construed, unless parties have received other instruction from the Court. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>**The nonmoving party subject to an indefiniteness challenge** must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony. |
| January 3, 2013 | **Joint Submission to Construe More Than 10 Terms Due.** Motions shall be limited to 10 pages. |
| December 21, 2012 | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents).<br><br>**If a party intends to file a letter brief requesting permission to file a motion for summary judgment of invalidity based on indefiniteness,** it must provide a preliminary identification of any expert testimony it intends to rely in its motion.<br><br>The moving party shall also provide a brief description of that witness' proposed testimony. If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it must inform the nonmoving party. |
| December 14, 2012 | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court. If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| December 10, 2012 | **Comply with P.R. 4-1** -Exchange Proposed Terms and Claim Elements for Construction. |

| | |
|---|---|
| December 3, 2012 | **Defendants to comply with P.R. 3-3 and 3-4 by filing Joint Invalidity Contentions** - Joint Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b). |
| November 16, 2012 | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| October 5, 2012 | **Plaintiff to comply with P.R. 3-1 and P.R. 3-2 as to Defendants TRENDnet, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Austin Semiconductor, LLC, and Oki Data Americas, Inc., Netgear, Inc., STMicroelectronics N.V., and STMicroelectronics, Inc.** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
| October 1, 2012 | **Plaintiff to comply with P.R. 3-1 and P.R. 3-2 as to Defendants Ricoh Americas Corporation and Konica Minolta Business Solutions U.S.A., Inc.** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
| September 21, 2012 | **Plaintiff to comply with P.R. 3-1 and P.R. 3-2 as to Defendants Xerox Corporation, Sharp Electronics Corporation, Freescale Semiconductor, Inc., Digi International Inc., NetSilicon, Inc., Epson America, Inc., Cirrus Logic, Inc., Yamaha Corporation of America, and Control4 Corporation** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
| 10 days | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:
   (i) The fact that there are motions for summary judgment or motions to dismiss pending;
   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 7th day of November, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE