# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**RICOH AMERICAS CORPORATION,**<br><br>   **Defendant.** | **6:12-cv-235-LED-JDL**<br><br>**LEAD CASE**<br>**PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRENDNET, INC.,**<br><br>**Defendant.** | **6:12-cv-236-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**XEROX CORPORATION,**<br><br>**Defendant.** | **6:12-cv-237-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., et al.,**<br><br>**Defendants.** | **6:12-cv-329-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |

**CONSOLIDATED DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S INSTRUCTIONS REGARDING THE NUMBER OF PROPOSED TERMS FOR CONSTRUCTION OR, IN THE ALTERNATIVE, OPPOSED MOTION TO CONSTRUE MORE THAN TEN TERMS**

| | |
|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHARP ELECTRONICS CORPORATION,**<br><br>**Defendant.** | **6:12-cv-330-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DIGI INTERNATIONAL INC., et al.,**<br><br>**Defendants.** | **6:12-cv-351-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br>**CIRRUS LOGIC, INC., et al.,**<br><br>**Defendants.** | **6:12-cv-366-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NETGEAR, INC.,**<br><br>**Defendant.** | **6:12-cv-399-LED-JDL**<br><br>**CONSOLIDATED CASE**<br>**PATENT CASE** |

**CONSOLIDATED DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S INSTRUCTIONS REGARDING THE NUMBER OF PROPOSED TERMS FOR CONSTRUCTION OR, IN THE ALTERNATIVE, OPPOSED MOTION TO CONSTRUE MORE THAN TEN TERMS**

| | |
|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAMSUNG ELECTRONICS CO., LTD.,<br>et al.,**<br><br>**Defendants.** | **6:12-cv-398 LED-JDL**<br><br>**CONSOLIDATED CASE<br>PATENT CASE** |
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STMICROELECTRONICS, INC., et al.,**<br><br>**Defendants.** | **6:12-cv-481-LED-JDL**<br><br>**CONSOLIDATED CASE<br>PATENT CASE** |

**CONSOLIDATED DEFENDANTS' MOTION FOR CLARIFICATION OF THE
COURT'S INSTRUCTIONS REGARDING THE NUMBER OF PROPOSED TERMS
FOR CONSTRUCTION OR, IN THE ALTERNATIVE, OPPOSED MOTION TO
<u>CONSTRUE MORE THAN TEN TERMS</u>**

## I.     FACTUAL BACKGROUND AND INTRODUCTION

Plaintiff U.S. Ethernet Innovations, LLC ("USEI") filed suit against Defendants Ricoh Americas Corporation, TRENDnet, Inc., Xerox Corporation, Konica Minolta Business Solutions U.S.A., Inc., Freescale Semiconductor, Inc., Sharp Electronics Corp., Digi International Inc., NetSilicon, Inc., Epson America, Inc., Cirrus Logic, Inc., Yamaha Corporation of America, Control4 Corporation, NETGEAR, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Austin Semiconductor, LLC, Oki Data Americas, Inc., and STMicroelectronics, Inc. (collectively, "Consolidated Defendants") in ten cases alleging infringement of U.S. Patent Nos. 5,732,094 ("'094 Patent"), 5,434,872 ("'872 Patent"), 5,307,459 ("'459 Patent"), 5,299,313 ("'313 Patent"), and 5,530,874 ("'874 Patent") (collectively, "Asserted Patents").   Eight months prior to filing suit against the Consolidated Defendants, USEI sued Texas Instruments Inc., ("T.I.") for infringement of four of the five Asserted Patents.   *U.S. Ethernet Innovations, LLC v. Texas Instruments Inc., et al.*, Civ. A. No. 6:11-cv-00491-LED-JDL (E.D. Tex.).   Although the Court did not consolidate these actions with the T.I. case, both the Consolidated Action and the T.I. case are currently set for *Markman* on April 4, 2013.[1]

---

[1]     The Consolidated Defendants and T.I. shall be collectively referred to as "Defendants."

Additionally, almost a decade ago, USEI's predecessor-in-interest, 3Com Corp. sued multiple companies in the Northern District of California, alleging infringement of six patents, three of which are asserted against the Consolidated Defendants.  *See 3Com Corp. v. D-Link Systems, Inc.*, Civ. A. No. 03-014-GMS (N.D. Cal.).

After a post-verdict settlement in that case, USEI allegedly purchased the rights and interests in the Asserted Patents and sued seventeen (17) computer manufacturers and twenty-two (22) downstream consumers in the Eastern District of Texas, alleging infringement of four of the five Asserted Patents in this case.   *See U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*, Civ. A. No. 6:09-cv-0448-JDL (E.D. Tex.); *U.S. Ethernet Innovations, LLC v. AT&T Inc., et al.*, Civ. A. No. 6:10-cv-0086-LED-JDL (E.D. Tex.).  Because "[a] duplication of the Northern District of California's efforts in three of the four patents-in-suit and their underlying technology would be an inefficient use of judicial resources[,]" this Court transferred both the Acer Litigation and the AT&T Litigation to the Northern District of California, where they remain pending.  Since the transfer, the Northern District of California has issued two *Markman* orders, construing multiple claims in the '094, '872, '459, and '313 Patents.  *See* Dkt. 586, *U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*, Civ. A. No. 3:10-cv-03724 (N.D. Cal.

The Asserted Patents generally pertain to network interface adapters.  The Defendants include a mix of chip suppliers (*e.g.,* STMicroelectronics, Inc. and T.I.) and the suppliers of consumer products that incorporate ethernet chips (*e.g.,* Xerox Corp.).

In its Infringement Contentions, USEI asserted ***at least seventy-five (75) claims*** across the Asserted Patents against each of the various Consolidated Defendants.[2]  In many instances, the number of claims USEI asserted against an individual Defendant exceeded seventy-five (75). For example, USEI asserted ***ninety-eight (98) claims*** against Defendant STMicroelectronics, Inc., ***ninety-four (94) claims*** against Defendant Xerox Corporation, and ***ninety-two (92) claims*** against Defendants Cirrus Logic, Inc. and Control4 Corporation.[3]

Despite the unwieldy number of claims that USEI asserted,[4] pursuant to the Court's Docket Control Order and the Local Patent Rules, the Defendants narrowed down the number of relevant claim terms, phrases, or clauses to twenty-nine (29) in their P.R. 4-1 Disclosure. Likewise, USEI submitted thirty-eight (38) claims terms, phrases, or clauses in its P.R. 4-1 Disclosure to Defendants.  To facilitate the exchange of preliminary claim constructions and extrinsic evidence, as well as the structure of the April 2013 *Markman* hearing, and in compliance with the Court's Docket Control Order, the Defendants further reduced the number of claim terms, phrases, or clauses that they contend should be construed to the following five (5):[5]

---

January 31, 2012); Dkt. 634, *U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*, Civ. A. No. 3:10-cv-03724 (N.D. Cal. August 29, 2012).

[2]     USEI asserted forty-four (44) claims across four of the patents against T.I.

[3]     A chart indicating which claims USEI asserted against each Defendant in its 3-1 Disclosures is attached as **Exhibit A**.

[4]     USEI cannot colorably claim that it intends to assert more than seventy-five claims against any individual Defendant at trial or on summary judgment.

[5]     During the December 14, 2012, meet and confer required by the Docket Control Order, the parties agreed that each side would select the five most significant terms for resolving the dispute, resulting in a total of ten terms.

| Term, Phrase, or Clause | Patent |
|---|---|
| network interface device; network interface adapter; network adapter; network adapter device | '094, '313, '459, '872, '874 Patents |
| interrupt means, coupled to the second memory location and responsive to the interrupt value from said second memory location, for generating the interrupt signal to the host | '874 Patent, Claim 1 |
| means, responsive to the threshold determination of the means for monitoring, for initiating transmission of the frame prior to transfer of all the data of the frame to the buffer memory from the host computer | '872 Patent, Claims 1, 10 |
| indication value; first indication signal; first masked signal; masked indication signal | '874 Patent, Claims 1, 21, 23, 29 |
| control means, coupled with the network interface means, for posting status information for use by the host system, as feedback for optimizing the threshold value | '872 Patent, Claim 10 |

Furthermore, although T.I. is not consolidated in this action, to comply with the spirit of the Court's instruction and the Local Patent Rules, the Defendants worked together to offer an identical list of terms to further reduce the number of constructions submitted to the Court.

For two of their proposed terms and one of USEI's proposed terms, Defendants grouped together minor syntactic variants of the same claim language to avoid future confusion over the meaning of these terms. As discussed more fully below, the Asserted Patents' claims and specifications suggest that a single construction for these terms is appropriate. Indeed, the analysis of the proper construction of any one of the grouped terms would necessarily require an analysis and construction of the other related terms in the group, and would not additionally burden the Court or the parties during the *Markman* process.

Notwithstanding the substantively similar treatment required of these proposed terms under the Asserted Patents' specifications, USEI insists that the parties count each term separately towards the ten terms automatically permitted under the Docket Control Order.  USEI, however, has failed to explain further why the terms warrant a different construction or treatment, and has refused to provide the Defendants with proposed constructions for (1) "host computer" and "host,"[6]   (2) "network interface adapter," "network adapter," and "network adapter device," and (3) "first indication signal," "first masked signal," and "masked indication signal."

Because the Court's precedent supports analyzing and construing similar terms either identically or very similarly, especially where the specification does not distinguish among the terms, the Defendants respectfully request that the Court clarify that such terms should not count separately under its instructions in the Docket Control Order regarding the selection of "ten terms."  Alternatively, the Defendants respectfully request that the Court grant their Motion to Construe More than Ten Terms and order the Plaintiff to provide the Defendants with constructions for (1) "host computer" and "host," (2) "network interface adapter," "network adapter," and "network adapter device," and (3) "first indication signal," "first masked signal," and "masked indication signal."

---

[6]      Plaintiff included "host system" in the five terms it selected for construction.  For the reasons stated below, the Consolidated Defendants believe that "host computer" and "host" should be construed in conjunction with "host system."  While the Consolidated Defendants proposed an identical construction for all three terms in its P.R. 4-2 Disclosure, USEI argues that doing so adds two addition terms (*i.e.*, "host computer" and "host") to the Consolidated Defendants' list of terms.

## II.      ARGUMENT & AUTHORITIES

### A.      Eastern District of Texas Case Law and the Asserted Patents' Claims and Specifications Support the Consolidated Defendants' Position.

Case law in the Eastern District supports construing similar terms either identically or so similarly as to lack a substantive distinction.  *See RFID Tracker Ltd. v. Wal-Mart Stores Inc.*, 545 F. Supp. 2d 571, 587–588 (E.D. Tex. 2008) (Davis, J.) (analyzing and construing "periodically transmits," "transmitting its periodic signal," and "receiving periodic signals transmitted by each field activated apparatus" together); s*ee also Fractus, S.A. v. Samsung Electronics Co.*, 2010 WL 5287531 at *5,  (E.D. Tex. Dec. 17, 2010) (Love, J.) (finding that "multilevel structure" and "structure" required the same construction); *Reedhycalog UK, Ltd. v. Diamond Innovations, Inc.*, 2009 WL 4575170 at *10 (E.D. Tex. Nov. 30, 2009) (Davis, J.) (considering together "substantially the same impact strength" and "substantially uniform impact strength");  *Motorola, Inc. v. Analog Devices, Inc.*, 2004 WL 5633737 at *32 - 33 (E.D. Tex. June 7, 2004) (Clark, J.) (finding that "clock signals" and "clock pulses" should have the same construction).

Furthermore, the '872 and '094 Patents share the same specification, and a significant portion of the '313 Patent specification is substantively identical to disclosures made in the '872 and '094 Patents, including portions describing the system overview that relates the "host" to the "network adapter."  *See* Ex. B, '872 Patent; Ex. C, '094 Patent; Ex. D, '313 Patent at 4:5–9:38. The '874 Patent also includes a substantial amount of information identical to the '872, '094, and '313 Patents, including the system overview that relates the "host" to the "network adapter." Ex. E, '874 Patent at 5:45–10:44.  Additionally, the '874 Patent figures 3–7, 8a, 9, and 10A–E all appear in the '872 and '094 Patents, and the '459 Patent also includes a section of substantively identical disclosure. Ex. F, '459 Patent at 6:60–12:17.

The Court should permit the Defendants to include (1) "host computer" and "host," (2) "network interface adapter," "network adapter," and "network adapter device," and (3) "first indication signal," "first masked signal," and "masked indication signal" in its proposed terms for construction.  Doing so will not increase the Court's burden at *Markman*.

### 1.   *"Host Computer" and "Host" Should be Construed with "Host System."*

The '872 and '094 Patents refer to a "host system" and "host computer" synonymously. *See* Ex. B, '872 Patent at claim 10; Ex. C, '094 Patent at claims 28 and 35.  In all three of these claims, "host computer" has no antecedent − either the claims are invalid, or "host computer" and "host system" mean the same thing.  Similarly, claims 1 and 13 of the '313 Patent and claim 21 of the '872 Patent refer to "host system" and "host" synonymously.  Ex. D, '313 Patent, Ex. B, '872 Patent.  Like "host computer," "host" has no antecedent − either the claims are invalid, or "host" and "host system" mean the same thing.  Additionally, claims 1 and 21 of the '872 Patent have a "host system interface" coupled to a "host computer," indicating that "host system" is synonymous with "host computer."  *See* Ex. B, '872 Patent.

Finally, the Northern District of California previously held that the inventors used the phrase "host computer" synonymously with the phrase "host system," and construed the terms identically across the '872 and '313 Patent.  Dkt. 586 at p. 6, 22, *U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*, Civ. A. No. 3:10-cv-03724 (N.D. Cal. January 31, 2012).

### 2.   *"Network Interface Adapter," "Network Adapter," and "Network Adapter Device" Should be Construed with "Network Interface Device."*

The claims of the '874 Patent use "network interface device," "network adapter," and "network adapter device" interchangeably.  Claims 17, 20, and 23 use the term "network adapter," claim 21 uses the term "network interface device," and claims 29 and 30 use the term "network adapter device."  Ex. E, '874 Patent.

The specification does not disclose any distinction among those terms. In fact, the specification does not even use the terms "network interface device" or "network adapter device," even though they appear in the claims. The specification does describe a "network adapter 6," and also describes a "network interface adapter." *Id.* at 4:46–5:33, Figs. 1–2 (network adapter 6); 3:31–32, 5:46–6:29, Fig. 3 (network interface adapter). The specification does not distinguish between the "network adapter" and the "network interface adapter."

Similarly, in the '094 Patent, the term "network interface device" appears in claims 1, 39, 47, and 51, but does not otherwise appear in the specification. Instead, the specification generally describes a "network interface," and at various times, refers to it as a "network interface controller," "network interface processor," "network interface adapter," or "network adapter," all of which apparently mean the same thing. *See* Ex. C, '094 Patent at Abstract, 2:8–21, 2:47–52, 2:61–62, 2:65–3:4, 3:22–27, 3:64–4:5, 5:16–6:18, Figs. 1, 3, 4, 4A. Additionally, the '872 Patent, which shares the same specification as the '094 Patent, uses the term "network interface adapter" in claim 21. Because there is only one entity in the '872 and '094 Patents that accepts data from the host computer to send to the network, the terms must reference that entity.

Finally, the '459 Patent claims refer to a "network adapter." Ex. F, '459 Patent, claims 22–53. The '459 Patent specification, however, describes the invention as a "network adapter," "network interface adapter," or "network interface controller" using the same Fig. 3 as the '874, '094, and '872 Patents. *Id.* at 4:19–25, 6:61–7:48.

### 3. *"First Indication Signal," "First Masked Signal," and "Masked Indication Signal" Should be Construed with "Indication Value."*

"Indication value," "first indication signal," "first masked signal," and "masked indication signal" appear in the asserted claims of the '874 Patent. Only "indication value," however, is used in the specification. "First indication signal," "masked signal," and "masked

indication signal," do not appear anywhere in the specification.  With respect to "indication value," the specification briefly refers to "indication value*s*," and describes it as "representing asynchronous events."  Ex. E, '874 Patent at 3:1–3.  In the claims, however, all of these terms represent the output of a first masking operation.

Asserted independent claims 1, 21, 23, and 29 all call for two levels of masking prior to the generation of an interrupt signal.  The terms at issue are the result of the first level of masking.  Claim 1 includes "a first mask logic for receiving the indication signal and which selectively masks at least a portion of the indication signal to output an *indication value*."  Claim 21 includes a step of "selectively masking at least a portion of the events with a first mask to output a *first indication signal*."  Claim 23 includes "selectively masking at least a subset of the indication signals at a first mask, the first mask having a first mask pattern, to output a set of *first masked signals*."  Claim 29 includes "an indication signal mask device coupled to said plurality of indication signal outputs and coupled to receive an indication signal mask, said indication signal mask device having a plurality of *masked indication signal* outputs, a *masked indication signal* being selectively generated in response to receiving a corresponding indication signal from said indication signal generator and a corresponding portion of said indication signal mask being set to a first value."

In each instance, the terms "indication value," "first indication signal," "first masked signal," and "masked indication signal" are the output of the first masking operation.  As a result, the construction of these terms will either be identical or so similar as to not create any additional burden for the Court.  Even if the Plaintiff's view of the world held true, and each of these terms counted towards the total amount of terms permitted for construction, the interrelated nature of

the claims and terms would require the Court to analyze all of them in order to construe a single one of them.

**B.    Permitting the Construction of Eight "Additional," But Related Claims is in the Interest of Justice.**

Even if the Court believes that each individual term should count towards the ten terms permitted under the Court's Docket Control Order, construing eight "additional" terms that are related to three of the terms already selected for construction is in the interest of justice.  USEI asserted over *90 claims* across *five patents* against four of the Defendants in this action, and at least *seventy-five claims* across *five patents* against each of the remaining fifteen Consolidated Defendants.  Additionally, USEI asserted *forty claims* across *four patents* against T.I.

The Consolidated Defendants and T.I. endeavored to comply with the Court's Order and identified what they believed to be the five most important terms.  Construing eight additional, *related* terms would not increase the burden on the Court or the parties.  Because construing these terms would ultimately assist the fact-finder, the Court should grant this motion and permit the construction of (1) "host computer" and "host," (2) "network interface adapter," "network adapter," and "network adapter device," and (3) "first indication signal," "first masked signal," and "masked indication signal."

Dated: January 3, 2013                     Respectfully submitted,

                                           */s/Jen-Feng Lee*
                                           Jen-Feng (Jeff) Lee, Pro Hac Vice
                                              Cal. Bar. No. 204328
                                              jflee@ltpacificlaw.com
                                           Kenneth K. Tanji, Jr., Pro Hac Vice
                                              Cal. Bar. No. 162273
                                              ktanji@ltpacificlaw.com
                                           LT PACIFIC LAW GROUP
                                           17800 Castleton Street, #560
                                           City of Industry, California 91748
                                           Phone: (626) 810-7200
                                           Fax: (626) 810-7300

                                           Eric C. Wood
                                               Texas Bar No. 24037737
                                           Scheef & Stone, L.L.P.
                                           500 N. Akard, Suite 2700
                                           Dallas, Texas 75201
                                           (214) 706-4220 Direct
                                           (214) 706-4242 Fax
                                           eric.wood@solidcounsel.com
                                           www.solidcounsel.com

                                           **ATTORNEYS FOR DEFENDANT
                                           TRENDNET, INC.**
                                           */s/ Alan D. Albright*
                                           Alan D. Albright
                                           State Bar No. 00973650
                                           Michael Chibib
                                           State Bar No. 00793497
                                           Conor M. Civins
                                           State Bar No. 24040693
                                           BRACEWELL & GIULIANI LLP
                                           111 Congress Avenue, Suite 2300
                                           Austin, Texas 78701
                                           Telephone: (512) 472-7800
                                           Facsimile:  (800) 404-3970

                                           **ATTORNEYS FOR DEFENDANT
                                           FREESCALE SEMICONDUCTOR, INC.**

*/s/ Frank A. DeCosta III*

Frank A. DeCosta III (Lead Attorney)
Qingyu Yin
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
Telephone: 202.408.4000

Jacob A. Schroeder
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA  94304
Telephone:  650.849.6600

Sean F. Rommel
WYLY-ROMMEL, P.L.L.C.
4004 Texas Boulevard
Texarkana, TX 75503
Telephone: 903-334-8646

**ATTORNEYS FOR SHARP ELECTRONICS CORPORATION**

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
TX Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: 903-509-5000
Facsimile:  903-509-5092

A. JAMES ISBESTER (CA SBN 29820)
jisbester@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON
LLP
Eighth Floor, Two Embarcadero Center
San Francisco, CA  94111
Telephone:    415 576 0200
Facsimile:     415 576 0300

JORDAN TRENT JONES (CA SBN 166600)
jtjones@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON
LLP
1080 Marsh Road
Menlo Park, CA  94025
Telephone:    650-326-2400
Facsimile:     650-326-2422

**ATTORNEYS FOR DEFENDANT
EPSON AMERICA, INC.**

**CONSOLIDATED DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S INSTRUCTIONS
REGARDING THE NUMBER OF PROPOSED TERMS FOR CONSTRUCTION
OR, IN THE ALTERNATIVE, OPPOSED MOTION TO CONSTRUE MORE THAN TEN TERMS**

*/s/ Alan D. Albright*

Alan D. Albright
State Bar No. 00973650
Michael Chibib
State Bar No. 00793497
Conor M. Civins
State Bar No. 24040693
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (800) 404-3970

**ATTORNEYS FOR DEFENDANT
CIRRUS LOGIC, INC.**

*/s/ Evan Finkel*

Evan Finkel - Lead Attorney
Evan.Finkel@Pillsburylaw.Com
PILLSBURY WINTHROP SHAW PITTMAN
LLP
725 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA  90017-5406
Tel: 213.488.7037; Fax: 213.226.4058

OF COUNSEL
Melvin R. Wilcox, III
Texas State Bar No. 21454800
YARBROUGH ♦ WILCOX, PLLC
100 E. FERGUSON, SUITE 1015
TYLER, TEXAS 75702
TEL: 903.595.1133; Fax: 903.595.0191
mrw@yw-lawfirm.com

**ATTORNEYS FOR DEFENDANT
YAMAHA CORPORATION OF AMERICA**

*/s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Ste. 101
Tyler, TX 75703
Email:  efindlay@findlaycraft.com
Email:  bcraft@findlaycraft.com
Tel:     (903)534-1100
Fax:     (903)534-1137

Timothy S. Teter
Benjamin G. Damstedt
Jeffrey M. Walker (pro hac vice)
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel:  650-843-5000
teterts@cooley.com
bdamstedt@cooley.com

**ATTORNEYS FOR DEFENDANT
CONTROL4 CORP.**

_/s/  Dan D. Davison_

Dan D. Davison
Texas Bar No. 05590900
Richard S. Zembek
Texas Bar No. 00797726
Robert Greeson
Texas Bar No. 24045979

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel:    (214) 855-8000
Fax:    (214) 855-8200
Email:  ddavison@fulbright.com
Email:  rzembek@fulbright.com
Email:  rgreeson@fulbright.com

**ATTORNEYS FOR DEFENDANT
NETGEAR, INC.**

/s/ *Steven G. Schortgen*
Steven G. Schortgen, *Lead Attorney*
  Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Jennifer Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

Michael J. Bettinger
  California Bar No. 122196
  mike.bettinger@klgates.com
**K&L Gates LLP**
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
415.882.8200
415.882.8220 *Facsimile*
*PRO HAC VICE*

**ATTORNEYS FOR DEFENDANT
STMICROELECTRONICS, INC.**

*/s/ Brian Craft*

Brian Craft
Texas Bar No. 04972020
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Tel.: (903) 534-1100
Fax: (903) 534-1137
Email: bcraft@findlaycraft.com
Email: efindlay@findlaycraft.com

OF COUNSEL:
Paul R. Steadman
Matthew J. Hertko
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
Email: paul.steadman@kirkland.com
Email: matthew.hertko@kirkland.com

**ATTORNEYS FOR DEFENDANTS
KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.**

*/s/ Marc R. Labgold*

Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Drive
Suite 110
Reston, VA 20191
Telephone: (703) 901-8860
mlabgold@labgoldlaw.com

Michael Charles Smith
SIEBMAN BURG PHILLIPS & SMITH, LLP
P O Box 1556
Marshall, TX 75671-1556
Telephone: (903) 938-8900
Fax: (972) 767-4620
michaelsmith@siebman.com

**ATTORNEYS FOR OKI DATA
AMERICAS, INC.**

/s/ Cono A. Carrano
Cono A. Carrano, Lead Attorney
(District of Columbia Bar No. 445995)
ccarrano@akingump.com
Jin-Suk Park
(District of Columbia Bar No. 484378)
jspark@akingump.com
Romeao J. Jennings, III
(California State Bar No. 281568)
rjennings@akingump.com
**Akin Gump Strauss Hauer & Feld LLP**
1333 New Hampshire Ave NW
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Ruben H. Munoz
(Pennsylvania State Bar No. 206420)
rmunoz@akingump.com
**Akin Gump Strauss Hauer & Feld LLP**
2001 Market Street, Suite 4100
Philadelphia, PA 19103
Telephone: (215) 965-1200
Facsimile: (215) 965-1210

Iftikhar Ahmed
(Texas State Bar No. 24064795)
iahmed@akingump.com
**Akin Gump Strauss Hauer & Feld LLP**
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

Melissa Richards Smith
(Texas State Bar No. 24001351)
Melissa@gillamsmithlaw.com
**Gillam & Smith, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS SAMSUNG
ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, AND SAMSUNG AUSTIN
SEMICONDUCTOR, LLC**

/s/ *Charles E. Phipps*
Charles E. Phipps
Texas State Bar No. 00794457
cphipps@lockelord.com
W. Scott Hastings
Texas State Bar No. 24002241
shastings@lockelord.com
Hamad Hamad
Texas State Bar No. 24061268
hhamad@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT XEROX CORPORATION**

/s/ *Christine S. Yun Sauer*
Cole M. Fauver (MN Bar No. 0243139)
(admitted *pro hac vice*)
Christine S. Yun Sauer (MN Bar No. 0391314)
(Eastern District of Texas Member)
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel: 612-349-8500
Fax: 612-339-4181
cmfauver@rkmc.com
csyunsauer@rkmc.com

Rickey L. Faulkner
Texas State Bar No. 06857095
COGHLAN CROWSON, LLP
P.O. Box 2665
Longview, TX 75606
Tel: 903-758-5543
Fax: 903-753-6989
rfaulkner@ccfww.com

**ATTORNEYS FOR DEFENDANT DIGI INTERNATIONAL INC. AND NETSILICON, INC.**

/s/ Michael V. Solomita
Michael V. Solomita (*Admitted Pro Hac Vice*)
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Phone: 212.336.8000
Fax: 212.336.8001
Email: msolomita@arelaw.com

Melvin R. Wilcox, III
YARBROUGH-WILCOX PLLC
100 E. Ferguson, Suite 1015
Tyler, TX 75702
Phone: 903.595.1133
Email: mrw@yw-lawfirm.com

**ATTORNEYS FOR DEFENDANT RICOH
AMERICAS CORPORATION**

<u>**CERTIFICATE OF CONFERENCE**</u>

Pursuant to Local Rule CV-7(i), I hereby certify that counsel for Consolidated Defendant STMicroelectronics, Inc., Steve Schortgen, conferred with counsel for Plaintiff U.S. Ethernet Innovations, LLC, Peter Jones, on Tuesday, January 2, 2013, and Wednesday, January 3, 2013, regarding the relief requested in this Motion.  During the meet and confer, Defendants provided specific examples from the Asserted Patents' specifications to support their position regarding the construction of the above discussed terms.  Plaintiff opposes the Motion.  Plaintiff disagrees with the Consolidated Defendants' request, resulting in an impasse, and leaving an open issue for the Court to resolve.

Dated: January 3, 2013                    /s/ Steven G. Schortgen
                                          Steven G. Schortgen

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(d), I hereby certify that I served the foregoing on all counsel of record in the Consolidated Action by electronic mail.

Dated: January 4, 2013

*/s/ Christine S. Yun Sauer*
Christine S. Yun Sauer

**CONSOLIDATED DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S INSTRUCTIONS REGARDING THE NUMBER OF PROPOSED TERMS FOR CONSTRUCTION OR, IN THE ALTERNATIVE, OPPOSED MOTION TO CONSTRUE MORE THAN TEN TERMS**