**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br>    Plaintiff,<br><br>v.<br><br>RICOH AMERICAS CORPORATION,<br>    Defendant.<br><br>U.S. ETHERNET INNOVATIONS, LLC,<br>    Plaintiff,<br><br>v.<br><br>TRENDNET, INC., XEROX CORPORATION, KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., et al., SHARP ELECTRONICS CORPORATION, DIGI INTERNATIONAL INC., et al., CIRRUS LOGIC, INC., YAMAHA CORPORATION OF AMERICA, CONTROL4 CORPORATION, SAMSUNG ELECTRONICS CO., LTD., et al., and STMICROELECTRONICS N.V., et al.,<br><br>    Defendants. | 6:12-cv-00235-MHS-JDL<br>LEAD CASE<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>Consolidated with:<br>    6:12-cv-00236-MHS-JDL<br>    6:12-cv-00237-MHS-JDL<br>    6:12-cv-00329-MHS-JDL<br>    6:12-cv-00330-MHS-JDL<br>    6:12-cv-00351-MHS-JDL<br>    6:12-cv-00366-MHS-JDL<br>    6:12-cv-00398 MHS-JDL<br>    6:12-cv-00481-MHS-JDL |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS[1]**

---

[1] L.R. CV-7(a)(2) requires that a party opposing a non-dispositive motion to limit its response to fifteen pages unless leave of court is first obtained. Non-dispositive motions specifically include motions for partial summary judgment. L.R. CV-7(a)(2). Because leave of court was not obtained, Defendants respectfully request that the Court not consider Plaintiff's Response beyond the fifteen page limit. *See Isbell v. DM Records, Inc.*, 2011 WL 1299611 at *8 (E.D.Tex. Mar. 31, 2011).

### I. The "means for comparing" limitation of claims 1, 22, 34, 44, and 50 of the '459 Patent lacks corresponding structure.

#### A. No single structure performs the two recited functions.

Plaintiff does not dispute that two structures – a comparator and a control block – are required to perform the "means for comparing . . . and generating" claim term. (Dkt. 178, Plaintiff's Response ("Pl. Resp.") at 8.) Under the correct interpretation of the *Cardiac Pacemakers* cases, *infra*, the Court should conclude that the independent claims of the '459 Patent are invalid as indefinite because the specification does not disclose sufficient corresponding structure. No single structure or reasonably grouped-together set of multiple structures performs the recited functions.[1] (*See* Ex. I to Plaintiff's Opening Claim Constr. Brief ("*Acer* Second CC Order") at 11.)

Plaintiff argues that Defendants' reliance on *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. IP 96-1718-C H/G, 2000 WL 1902191 (S.D.Ind. Dec. 19, 2000) ("*Cardiac Pacemakers I*")) is misplaced because, "[o]n appeal, the Federal Circuit specifically rejected the proposition for which Defendants offer the district court order – that all 'dual function' claim terms must disclose a 'single' structure for performing both recited functions." (Pl. Resp. at 11 (citing *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 296 F.3d 1106 (Fed.Cir.2002) ("*Cardiac Pacemakers II*")).) Plaintiff is incorrect. The Federal Circuit stated that in the case where the language of the limitations at issue refers to "a means for doing x and y," "the claim could *potentially be ambiguous* about whether the limitation required one means for performing both

---

[1] Strangely, Plaintiff states that it "will assume for the sake of addressing Defendants' arguments that these terms recite two functions" and that it "reserves expressly the argument that Defendants have not correctly identified the function in these terms," despite the fact that Plaintiff itself previously identified the identical two functions. (Ex. A to Plaintiff's Patent Rule 4-2 Disclosure of Preliminary Claim Constructions and Extrinsic Evidence ("Pl. 4-2 Chart") at 3.)

functions x and y, or simply one means for performing function x and one (potentially different) means for performing function y." *Cardiac Pacemakers II*, 296 F.3d at 1115.

Thus, Judge Ware determined claim 1 of the '459 Patent and claim 13 of the '313 patent <u>required</u> a single means for performing the two recited functions per *Cardiac Pacemakers II*. In doing so, Judge Ware applied the principle that: "[w]hen dual functions must be performed by the 'means,' the patent document must disclose either a single structure that performs both functions or multiple structures, each of which performs one of the functions, but the multiple structures reasonably may be grouped together as subcomponents of a larger component that performs both functions." (*Acer* Second CC Order at 8-9.)

As noted above, Plaintiff does not dispute that the '459 Patent fails to disclose a single structure that performs the recited functions. (*See* Pl. Resp. at 8.) Thus, Plaintiff argues that one having skill in the art would reasonably group the corresponding structures as subcomponents of the "threshold logic." However, the proper inquiry is whether the intrinsic evidence would lead the Court to find that a person having skill in the art would group these distinct components into a single component. (*Acer* Second CC Order at 11.) According to the specification, the "threshold logic" is not a single structure but an aggregate of many different components. (*See* '459 Patent, Fig. 2.) In fact, if the construction offered for the term "logic" by all parties is applied, "threshold logic" is "threshold circuitry" – by definition a collection of different and separate threshold circuitry components. Indeed, Plaintiff has cited to numerous illustrations in the '459 Patent specification that prove that, according to its own constructions, what it has identified as the first corresponding structure (the comparator) is distinct from what it has

identified as the second corresponding structure (the control block).[2] However, the most persuasive evidence that the "threshold logic" is made of separate and different components is claim 1 (as cited by Plaintiff's own expert): "wherein the threshold logic includes, a counter…an alterable storage location containing a threshold value…and means for comparing the counter to the threshold value in the alterable storage location and generating an indication signal [in response]."[3] (Dkt. 158-1, Decl. of Dr. Miztenmacher at ¶ 17.)

### B. The structure identified by Plaintiff is purely functional.

According to Plaintiff, the corresponding structure for the "comparing" function is anything that compares, *i.e.*, a comparator. But "[t]his type of purely functional language, which simply restates the function associated with the means-plus-function limitation, is insufficient to provide the required corresponding structure."[4] *Noah Systems, Inc. v. Intuit Inc.*, 675 F. 3d 1302, 1317 (Fed. Cir. 2012). Plaintiff's comparator "structure" is a tautology, failing to define claim scope beyond the function itself, and as such, the claims containing this language are indefinite.

---

[2] *See* Pl. 4-2 Chart at 3 (identifying blocks 224 and 213 of Fig. 14, 318 of Fig. 21, 517 of Fig. 26, 615 of Fig. 31 of the '459 Patent as "comparators" and different blocks 225 and 210 of Fig. 14, 57 of Fig. 4, 512 of Fig. 24, 512 of Fig. 27, and 625 of Fig. 33 of the '459 Patent as "control blocks").

[3] Given that the specification expressly describes "threshold logic" as multiple components, and given that the parties agree on the construction of the term, defendants meet their burden of proof absent expert testimony under these circumstances.

[4] Plaintiff argues that the circumstances in *Microsoft Corp. v. Motorola Inc.*, 2013 WL 454268 (W.D. Wash. Feb. 7, 2013) are not analogous because "the 'decoder' in *Microsoft* was defined 'expansively'" and "[h]ere, in contrast, a single device, the comparator must only perform the sole function it was designed to perform." (Pl. Resp. at n.12.) Plaintiff misses the point. Because the comparator disclosed in the '459 Patent fails to "amount to anything more than … a functional description," the "'means for [compar]ing' limitations claim all corresponding structure under the sun by expansively defining the function in the specification as anything that [compares two values]. This definition renders the 'means for [compar]ing' limitation invalid for indefiniteness." *Id.* at *13.

Plaintiff also cites *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1334-35 (Fed. Cir. 2004) for the proposition that "[t]he correct corresponding structure is that which is minimally necessary to carry out the claimed function." However, the Court in *Golight* explicitly cited to the excerpts of the specification of the patent-at-issue for the correct corresponding structure. *Id.* at 1334 ("The '989 patent describes the structure for rotating the lamp unit as follows…") Plaintiff cannot cite to the specification here as there is no disclosure of the <u>structure</u> for the comparator, only the <u>function</u>.

Plaintiff argues a comparator is well-known in the art. (Pl. Resp. at 13-14.) The indefiniteness of the comparator does not hinge on how well-known it is, but the disclosure of its structure in the intrinsic evidence. (*See Acer* Second CC Order at 11.) It is not discernible from the '459 Patent whether the comparator is software or hardware, analog or digital, or whether it receives values in serial or parallel. Plaintiff's own proffered example illustrates this very point. Plaintiff refers not to the specification, but only to a dictionary, which states, "[i]n electronics, for example, a comparator is a circuit that compares two input voltages and indicates which is higher." (Pl. Resp. at 13.) This definition fails to provide any structure at all, and could not enable a person of ordinary skill to understand the term as used in the claims of the '459 Patent.[5]

## II. The "host interface means" limitation of claim 13 of the '313 Patent lacks corresponding structure.

Plaintiff does not dispute that there is no single structure disclosed in the '313 patent that performs the three recited functions. (Pl. Resp. at 16.) Thus, Plaintiff argues that one having skill in the art would reasonably group the corresponding structures into a larger component. (*Id.* at 18-19.) Claim 13 of the '313 Patent is invalid as indefinite because the specification of the '313 Patent does not disclose sufficient corresponding structure. No single structure or reasonably grouped-together set of multiple structures performs the recited functions.[6] (*See Acer* Second CC Order at 16-17.)

---

[5] Plaintiff cites four cases for the premise that "many courts – including this Court – have recognized a 'comparator' as sufficient corresponding structure." Pl. Resp. at 14-15. However, not one of these cases addressed the indefiniteness of a disclosure of a "comparator" in a purely functional manner. *See Aerotel, Ltd. v. Telco Group, Inc.*, 433 Fed. Appx. 903, 910 (Fed. Cir. 2011); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1300 (Fed. Cir. 2011); *Hitachi Consumer Elecs. Co., Ltd. v. Top Victory Elecs.* (Taiwan) Co., Ltd., No. 2:10-CV-260-JRG, 2012 WL 5494087 at *9-10 (E.D. Tex. Nov. 13, 2012); *Celltrace LLC v. AT&T Inc.*, No. 6:09cv294 LED-JDL, 2011 WL 738927 at *21 (E.D. Tex. Feb. 23, 2011).

[6] Again, Plaintiff surprisingly states that it "will assume for the sake of addressing Defendants' arguments that these terms recite three functions" and that it "reserves expressly the argument that Defendants have not correctly identified the function in this term," despite the fact that Plaintiff itself identified the identical three functions." (Pl. 4-2 Chart at 3-4.)

For the reasons discussed above, the analysis in *Cardiac Pacemakers I* should be applied and the "host interface means" claim terms should be found indefinite for lack of corresponding structure. (*Id.* ("The Court's attention has not been drawn to anything in the intrinsic evidence that would lead the Court to find that a person of ordinary skill in the art would group these individual functional components into a single component.")) Just as with the '459 Patent, the corresponding structures identified by Plaintiff – the XMIT AREA, XFER AREA, and upload DMA logic – are not logically contained within a single structure. Plaintiff's expert argues that block 102 (entitled 'host interface logic') of Figure 3 incorporates the XMIT AREA, the XFER AREA, and the upload DMA logic." (Decl. of Dr. Mitzenmacher at ¶ 24.) However, this example demonstrates that these are disclosed separately in the '313 Patent specification and not to be grouped together as a single component. While Fig. 3 indeed has a block 102 for the host interface logic (illustrated with a dashed line), block 102 specifically contains two distinct blocks: 107 (titled "XMIT DESCRIPTOR AND DOWNLOAD DMA LOGIC") and 108 (titled "VIEW, XFER, AND UPLOAD DMA LOGIC"). According to Plaintiff's expert, the transmit descriptor logic (block 107) is associated with the XMIT AREA and the transfer descriptor logic (block 108) is associated with the XFER AREA. *Id.* Thus, the XMIT AREA and XFER AREA are explicitly separated into two distinct blocks because they are not to be grouped as a single component.[7]

### III. Conclusion

For the reasons above, Defendants respectfully request that this Court enter summary judgment of invalidity of independent claims 1, 22, 34, 44, and 50 of the '459 Patent; independent claim 13 of the '313 Patent; and all claims depending therefrom, as indefinite.

---

[7] Similarly, there are figures in the specification that address the three structures as separate components. (*See, e.g.*, '313 Patent at Fig. 9 (which includes block 151 (download DMA logic) and the XMIT AREA register) compared to *id.* at Fig. 11 (which includes the block 300 (upload DMA logic) and the XFER AREA register).)

Dated: March 28, 2013                    Respectfully submitted,

                                              */s/ Michael Chibib*
Alan D. Albright
State Bar No. 00973650
Michael Chibib
State Bar No. 00793497
Conor M. Civins
State Bar No. 24040693
Benjamin L. Bernell
State Bar No. 24059451
Alan.Albright@bgllp.com
Michael.Chibib@bgllp.com
Conor.Civins@bgllp.com
Ben.Bernell@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (800) 404-3970

***ATTORNEYS FOR DEFENDANTS CIRRUS LOGIC, INC., FREESCALE SEMICONDUCTOR, INC.***

>
> */s/ Jen-Feng Lee*
> Jen-Feng (Jeff) Lee, Pro Hac Vice
> Cal. Bar. No. 204328
> jflee@ltpacificlaw.com
> Kenneth K. Tanji, Jr., Pro Hac Vice
> Cal. Bar. No. 162273
> ktanji@ltpacificlaw.com
> LT PACIFIC LAW GROUP
> 17800 Castleton Street, #560
> City of Industry, California 91748
> Phone: (626) 810-7200
> Fax: (626) 810-7300
>
> Eric C. Wood
> Texas Bar No. 24037737
> Scheef & Stone, L.L.P.
> 500 N. Akard, Suite 2700
> Dallas, Texas 75201
> (214) 706-4220 Direct
> (214) 706-4242 Fax
> eric.wood@solidcounsel.com
> www.solidcounsel.com
>
> ***ATTORNEYS FOR DEFENDANT TRENDNET, INC.***

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
TX Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: 903-509-5000
Facsimile: 903-509-5092

A. JAMES ISBESTER (CA SBN 29820)
jisbester@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300

JORDAN TRENT JONES (CA SBN 166600)
jtjones@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650-326-2400
Facsimile: 650-326-2422

***ATTORNEYS FOR DEFENDANT EPSON AMERICA, INC.***

*/s/ Michael Chibib*
Alan D. Albright
State Bar No. 00973650
Michael Chibib
State Bar No. 00793497
Conor M. Civins
State Bar No. 24040693
Benjamin L. Bernell
State Bar No. 24059451
Alan.Albright@bgllp.com
Michael.Chibib@bgllp.com
Conor.Civins@bgllp.com
Ben.Bernell@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (800) 404-3970


Evan Finkel
Evan.Finkel@Pillsburylaw.Com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017-5406
Tel: 213.488.7037; Fax: 213.226.4058

OF COUNSEL
Melvin R. Wilcox, III
Texas State Bar No. 21454800
YARBROUGH ♦ WILCOX, PLLC
100 E. FERGUSON, SUITE 1015
TYLER, TEXAS 75702
TEL: 903.595.1133; Fax: 903.595.0191
mrw@yw-lawfirm.com

***ATTORNEYS FOR DEFENDANT YAMAHA CORPORATION OF AMERICA***

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Ste. 101
Tyler, TX 75703
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Tel: (903)534-1100
Fax: (903)534-1137

Timothy S. Teter
Benjamin G. Damstedt
Jeffrey M. Walker (pro hac vice)
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel: 650-843-5000
teterts@cooley.com
bdamstedt@cooley.com
jwalker@cooley.com

**ATTORNEYS FOR DEFENDANT CONTROL4 CORP.**

/

/s/ *Jennifer Klein Ayers*
Steven G. Schortgen, *Lead Attorney*
Texas State Bar No. 00794603
steve.schortgen@klgates.com
Jennifer Ayers
Texas State Bar No. 24069322
jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX 75201
214.939.5500
214.939.5849 *Facsimile*

Michael J. Bettinger
California Bar No. 122196
mike.bettinger@klgates.com
Stephen Everett
California Bar No. 121619
stephen.everett@klgates.com
**K&L Gates LLP**
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
415.882.8200
415.882.8220 *Facsimile*
*PRO HAC VICE*

***ATTORNEYS FOR DEFENDANT STMICROELECTRONICS, INC.***

/s/ Brian Craft
Brian Craft
Texas Bar No. 04972020
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Tel.: (903) 534-1100
Fax: (903) 534-1137
Email: bcraft@findlaycraft.com
Email: efindlay@findlaycraft.com

OF COUNSEL:
Paul R. Steadman
Matthew J. Hertko
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
Email: paul.steadman@kirkland.com
Email: matthew.hertko@kirkland.com

***ATTORNEYS FOR DEFENDANT KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.***

        */s/ Michael C. Smith*
Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Drive
Suite 110
Reston, VA 20191
Telephone: (703) 901-8860
mlabgold@labgoldlaw.com

Michael Charles Smith
SIEBMAN BURG PHILLIPS & SMITH, LLP
P O Box 1556
Marshall, TX 75671-1556
Telephone: (903) 938-8900
Fax: (972) 767-4620
michaelsmith@siebman.com

***ATTORNEYS FOR OKI DATA AMERICAS, INC.***

>                        */s/ Cono A. Carrano*
>                        Cono A. Carrano, Lead Attorney
>                        (District of Columbia Bar No. 445995)
>                        ccarrano@akingump.com
>                        Jin-Suk Park
>                        (District of Columbia Bar No. 484378)
>                        jspark@akingump.com
>                        Romeao J. Jennings, III
>                        (California State Bar No. 281568)
>                        rjennings@akingump.com
>                        **Akin Gump Strauss Hauer & Feld LLP**
>                        1333 New Hampshire Ave NW
>                        Washington, DC 20036
>                        Telephone: (202) 887-4000
>
>                        Ruben H. Munoz
>                        (Pennsylvania State Bar No. 206420)
>                        rmunoz@akingump.com
>                        **Akin Gump Strauss Hauer & Feld LLP**
>                        2001 Market Street, Suite 4100
>                        Philadelphia, PA 19103
>                        Telephone: (215) 965-1200
>                        Facsimile: (215) 965-1210
>
>                        Iftikhar Ahmed
>                        (Texas State Bar No. 24064795)
>                        iahmed@akingump.com
>                        **Akin Gump Strauss Hauer & Feld LLP**
>                        1111 Louisiana Street, 44th Floor
>                        Houston, TX 77002-5200
>                        Telephone: (713) 220-5800
>                        Facsimile: (713) 236-0822

        Melissa Richards Smith
        (Texas State Bar No. 24001351)
        Melissa@gillamsmithlaw.com
        **Gillam & Smith, LLP**
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257

        ***ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC***

        */s/ Charles E. Phipps*
        Charles E. Phipps
        Texas State Bar No. 00794457
        cphipps@lockelord.com
        W. Scott Hastings
        Texas State Bar No. 24002241
        shastings@lockelord.com
        Hamad Hamad
        Texas State Bar No. 24061268
        hhamad@lockelord.com
        LOCKE LORD LLP
        2200 Ross Avenue, Suite 2200
        Dallas, Texas 75201
        (214) 740-8000 Telephone
        (214) 740-8800 Facsimile

        ***ATTORNEYS FOR DEFENDANT XEROX CORPORATION***

*/s/ Christine S. Yun Sauer*
Cole M. Fauver (MN Bar No. 0243139)
(admitted *pro hac vice*)
Christine S. Yun Sauer (MN Bar No. 0391314)
(Eastern District of Texas Member)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel: 612-349-8500
Fax: 612-339-4181
cmfauver@rkmc.com
csyunsauer@rkmc.com

Rickey L. Faulkner
Texas State Bar No. 06857095
COGHLAN CROWSON, LLP
P.O. Box 2665
Longview, TX 75606
Tel: 903-758-5543
Fax: 903-753-6989
rfaulkner@ccfww.com

***ATTORNEYS FOR DEFENDANT DIGI INTERNATIONAL INC. AND NETSILICON, INC.***

*/s/ Michael V. Solomita*
Michael V. Solomita (*Admitted Pro Hac Vice*)
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Phone: 212.336.8000
Fax: 212.336.8001
Email: msolomita@arelaw.com

Melvin R. Wilcox, III
YARBROUGH-WILCOX PLLC
100 E. Ferguson, Suite 1015
Tyler, TX 75702
Phone: 903.595.1133
Email: mrw@yw-lawfirm.com

***ATTORNEYS FOR DEFENDANT RICOH AMERICAS CORPORATION***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record via the Court's ECF on March 28, 2013.

*/s/ Michael Chibib*
Michael Chibib