Revised 4.8.13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICOH AMERICAS CORPORATION, <br><br> Defendant. | No. 6:12-cv-00235-MHS-JDL <br><br> LEAD CASE <br><br><br> JURY TRIAL DEMANDED |

## AGREED DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

**DO NOT KEY DEADLINES OFF THE FULL CLAIM CONSTRUCTION ORDER OR THE PROVISIONAL CLAIM CONSTRUCTION ORDER.**

| | |
|---|---|
| To be assigned by the Court <br><br> Court designated date – not flexible without | 9:00 a.m. JURY TRIAL at the United States District Court, 221 W. Ferguson, Courtroom of Judge Michael Schneider, Tyler, Texas, within four weeks after pretrial conference. |
| **March 27, 2014** <br> Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas. <br><br> All pending motions will be heard. |
| March 25, 2014 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| March 20, 2014 | Responses to Motions in Limine due. |

Revised 4.8.13

| | |
|---|---|
| March 17, 2014 | **Motions in Limine due.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. See ¶ 4 below, as well as the Court's website for more details. |
| Feb. 25, 2014 | **Pretrial Materials, Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. See ¶ 3 below. |
| Feb. 14, 2014 | **Meet and Confer to resolve pretrial objections.** See ¶ 2 below. |
| Jan. 24, 2014 | **Pretrial Disclosures due.** See ¶ 1 below. Pretrial disclosures to be exchanged among the parties. Parties are to exchange any objections within **14 days**.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Jan Mason, at jan_mason@txed.uscourts.gov. |
| Jan. 28, 2014 | **Second mediation to be completed.** |
| Jan. 21, 2014 | **Response to Dispositive Motions (including Daubert motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. |
| Dec. 11, 2013<br><br>Approx 4 months after Markman Hearing<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including Daubert motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances.<br><br>For each motion filed, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. Courtesy copies shall be delivered to the Court as soon as briefing has completed. |
| Dec. 9, 2013 | **Parties to Identify Rebuttal Trial Witnesses.** |
| Nov. 27, 2013 | **Parties to Identify Trial Witnesses; Amend Pleadings** (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| Nov. 13, 2013 | **Discovery Deadline.** |
| Oct. 23, 2013 | **Document Production Deadline.** |

Revised 4.8.13

| | |
|---|---|
| Oct. 14, 2013 | Parties designate rebuttal expert witnesses (non-claim construction issues).<br><br>Rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| Oct. 11, 2013 | **Deadline to File Letter Briefs for Summary Judgment Motions and Daubert Motions.** The parties are directed to file letter briefs addressing any objections to, or motions to strike or exclude expert testimony at this time. See the Court's website for further information. |
| Oct. 4, 2013 | Parties with burden of proof designate expert witnesses (non-claim construction issues). Expert witness reports due. Refer to Local Rules for required information. |
| Sept. 4, 2013 | Comply with P.R. 3-7 - Furnishing documents and privilege logs pertaining to willful infringement.<br><br>**Deadline to File Motion to Limit Asserted Claims or Prior Art References/Combinations.**<br><br>The parties shall file any motions to limit asserted claims or prior art at this time, if necessary. |
| Aug. 16, 2013 | **Deadline to Limit Number of Asserted Prior Art References.**<br><br>Defendant shall reduce the number of prior art references—and any combinations thereof—to be asserted in support of Defendant's anticipation or obviousness theories to be presented at trial. As a general guideline, a manageable number of references per claim is no more than 2-3 references. Defendant must also identify how these references will be used, i.e., as anticipatory or in combination, against each asserted claim. Absent extraordinary circumstances, Plaintiff shall not file a motion to limit the number of asserted prior art references before this deadline. |
| July 26, 2013 | **Deadline to Limit Number of Asserted Claims.**<br><br>Plaintiff shall reduce the number of asserted claims to a manageable number for trial. As a general guideline, the Court considers a manageable number to be 10-12 claims for trial. Absent extraordinary circumstances, Defendant shall not file a motion to limit the number of asserted claims prior to this deadline. |
| April 4, 2013<br><br>Court designated date – not flexible without good cause – Motion Required | *Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br><br>In order to streamline the *Markman* hearing, the Court will propose a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' arguments under advisement and issue a claim construction opinion at a later date. |

Revised 4.8.13

| | |
|---|---|
| March 28, 2013 | **P.R. 4-5(d) Chart due.** The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart. |
| | **Reply to Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply and surreply, if any) and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide briefing on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. See Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |
| March 25, 2013 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request. |
| | **Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due. Plaintiff is to provide the Court with 2 binders containing the *Markman* brief it in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| | **Response to Motion for Summary Judgment of Indefiniteness due.** |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. See Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |
| March 11, 2013 | **Comply with P.R. 4-5(b)** – Responsive claim construction brief and supporting evidence due. |
| | **Motion for Summary Judgment of Indefiniteness due.** |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. See Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |
| February 22, 2013 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| February 20, 2013 | Tutorials due. Deadline for parties to provide Court with tutorials concerning technology involved in patent(s). The parties shall submit three (3) copies of their tutorials to the Court. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |

Revised 4.8.13

| | |
|---|---|
| February 14, 2013 | Discovery Deadline - Claim Construction Issues. |
| February 8, 2013 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |
| January 31, 2013 | **Respond to Amended Pleadings.** |
| January 24, 2013 | Proposed Technical Advisors due if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| | **\*Reply to Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 5 pages.<br><br>\* If an early *Markman* hearing is scheduled. |
| January 17, 2013 | **Amended Pleadings (pre-claim construction) due from all parties.** It is not necessary to file a Motion for Leave to Amend before this deadline. Any Motions for Leave to Amend must. However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |
| January 14, 2013 | **Comply with P.R. 4-3 - Filing of Joint Claim Construction and Prehearing Statement**<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. A maximum of 10 terms will be construed, unless parties have received other instruction from the Court. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony.<br><br>**\*Response to Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 15 pages.<br><br>\* If an early *Markman* hearing is scheduled. |
| January 3, 2013 | **Joint Submission to Construe More Than 10 Terms Due.** Motions shall be limited to 10 pages.<br><br>**\*Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 15 pages.<br><br>\* If an early *Markman* hearing is scheduled. |

| | |
|---|---|
| | *Proposed Technical Advisors due. Parties shall provide the name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for the *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time.<br><br>* If an early *Markman* hearing is scheduled. |
| N/A | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents).<br><br>**If a party intends to file a letter brief requesting permission to file a motion for summary judgment of invalidity based on indefiniteness, it must provide a preliminary identification of any expert testimony it intends to rely on in its motion.** The moving party shall also provide a brief description of that witness' proposed testimony. If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it must inform the nonmoving party. |
| July 30, 2013 (Defendants Epson and Xerox only)<br><br>June 30, 2013 (Defendant Ricoh only)<br><br>May 15, 2013 (remaining Defendants) | **First mediation to be completed.** |
| December 21, 2012 | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court.<br><br>If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| | **Deadline to File Letter Brief Requesting Early Markman Hearing/Summary Judgment of Noninfringement.** The Court will permit Defendant to submit, if desired, a request to construe no more than three "case dispositive" claim terms in a letter brief. The letter brief shall explain the Defendant's proposed constructions of the term(s) and why such a construction will dispose of the case. See the Court's website for further information.<br><br>The early claim construction proceeding is intended to address dispositive issues with regard to noninfringement, not indefiniteness. The Docket Control Order outlines a different procedure for motions for summary judgment of indefiniteness. The issue of indefiniteness will be addressed at the *Markman* hearing during the regular course of litigation. |

Revised 4.8.13

| | |
|---|---|
| December 10, 2012 | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| December 3, 2012 | **Comply with P.R. 3-3 and 3-4** - Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b). |
| | Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| | Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| | Add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| November 16, 2012 | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| October 5, 2012<br>October 1, 2012<br>September 21, 2012<br>*See* Dkt. No. 79 | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
| | Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| | Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| 10 days | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

**Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, the local rules of this Court, and other orders previously entered in this case—including previously entered scheduling orders— must be observed.**

1. <u>**Pretrial Disclosures and Objections:**</u> Unless otherwise directed by order, the parties

must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.). With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[1] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

2. **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to pretrial materials**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

3. **Pretrial Materials:** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

   a. **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders.** When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

   b. **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call,"** and **"may, but probably not call"** and must provide:

      (i) the **names and addresses** of each witness;

      (ii) a **brief narrative summary** of the testimony;

---

[1] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

Revised 4.8.13

    (iii)    whether the witness has been **deposed**; and

    (iv)    the **expected duration** of direct and cross-examination of the witness.

c. **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

    (i)    Describe with specificity the documents or things in numbered sequence.

    (ii)    Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

    WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

    (iii)    Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d. **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

e. **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each

Case 6:12-cv-00235-MHS-JDL   Document 260   Filed 06/17/13   Page 10 of 11 PageID #: 4124
Case 6:12-cv-00235-MHS-JDL   Document 259   Filed 06/14/13   Page 10 of 11 PageID #: 4113

Revised 4.8.13

finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

f. **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

g. **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

4. **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within three business days of the filing of the motion. See the Court's website for more details.

5. **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

6. **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. <u>At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.</u> Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits.

7. **Modification of This Order:** This order will control the disposition of events listed above unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a

continuance. If applicable, all motions for modification of this order must be filed simultaneously in all cases governed by this order, using a serial caption similar to the one used in this order. A party seeking modification of this order must meet and confer with the parties in all cases governed by this order before filing a motion.

8. **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**So ORDERED and SIGNED this 17th day of June, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE