**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | ) | |
| Plaintiff, | ) | 6:12-cv-00235-LED-JDL |
| | ) | LEAD CASE |
| v. | ) | |
| | ) | |
| RICOH AMERICAS CORPORATION, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| U.S. ETHERNET INNOVATIONS, LLC, | ) | 6:12-cv-00329-LED-JDL |
| Plaintiff, | ) | CONSOLIDATED CASE |
| | ) | |
| v. | ) | |
| | ) | |
| KONICA MINOLTA BUSINESS | ) | |
| SOLUTIONS U.S.A., INC., et al., | ) | |
| Defendants. | ) | |

**MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE
ASSERTED CLAIMS OF U.S. PATENT NOS. 5,732,094 AND 5,434,872 AND
CLAIMS 23 AND 26 OF U.S. PATENT NO. 5,530,874
<u>DUE TO NO ETHERNET FUNCTIONALITY</u>**

**TABLE OF CONTENTS**

**P**age(s)

I. INTRODUCTION ..................................................................................................................1
II. UNDISPUTED FACTS .........................................................................................................1
III. ISSUES PRESENTED............................................................................................................6
IV. LEGAL STANDARD.............................................................................................................6
V. ARGUMENT..........................................................................................................................6
    A. The Ethernet Claims Recite Ethernet/Networking Components .............................6
    B. USEI's Infringement Contentions and Expert Reports Accuse Only the Ethernet Controllers of the Accused Freescale Products of Practicing Limitations of the Ethernet Claims...................................................................................................................7
    C. Freescale Products That Do Not Have Ethernet Controllers Cannot Infringe the Ethernet Claims........................................................................................................7
VI. CONCLUSION.......................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*3Com Corporation v. Realtek Semiconductor*,
  No. C 03-2177 (VRW) (N.D. Cal.) .................................................................................2

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012) (*en banc*). ....................................................................5

*BMC Res., Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007) .......................................................................................5

*Netword, LLC v. Centraal Corp.*,
  242 F.3d 1347 (Fed. Cir. 2001) .......................................................................................5

On January 3, 2014, Defendants Freescale Semiconductor Inc. and STMicroelectronics, Inc. filed a letter brief seeking permission to file a Motion for Summary Judgment for Non-Infringement (Docket Item No. 467), which the Court granted on January 15, 2014 (D.I. 504). Accordingly, Freescale now moves for Summary Judgment for Non-Infringement of the asserted claims of U.S. Patent Nos. 5,732,094 ("'094 Patent"), 5,434,872 ("'872 Patent"), and 5,530,874 ("'874 patent") for the products identified below.

## I.     INTRODUCTION

Instead of providing the theory of infringement for each accused product, Plaintiff U.S. Ethernet Innovations, LLC's ("USEI") infringement contentions and expert reports purport to group products with allegedly identical functionality into groups. USEI then charted and explained the theory of infringement for each of the products within a single group using, in most instances, a single representative product. USEI specifically directed its allegations toward the Ethernet controllers of these representative Freescale products as practicing certain limitations of all the asserted claims of the '094 and '872 patents and claims 23 and 26 of the '874 patent ("the Ethernet Claims"). However, 19 of the Freescale products allegedly represented by these Ethernet controller-containing representative products *do not contain Ethernet controllers*. As a result, these 19 products lack the capability to infringe the Ethernet claims under any theory that USEI identified in either its contentions or expert reports.

## II.    UNDISPUTED FACTS

1. Between November 2011 and July 2012, USEI sued a number of defendants in the Eastern District of Texas for infringing the '094, '872, and '874 patents, among others. (*See*, *e.g.*, D.I. 1, D.I. 12.)

2. The '094 and '872 patents relate to a technique for transmitting a frame of data from a host system through a buffer memory in a network interface device to a network. The patents

claim methods of operating a network adapter whereby transmission of the frame is initiated from the buffer memory to the network before the frame is completely transferred to the buffer memory. *See* **Exs. A** and **B**, the '094 patent and '872 patents.

3. The '874 patent generally relates to a technique for managing indication and interrupt signals allowing the host system to select which signals will be generated to the host at a given time through masking those signals. *See* **Ex. C**, the '874 patent.

4. The asserted claims of the '094 patent are directed to methods of "transmitting frames of data from a host computer to a communications medium in a computer network" and "controlling communication of data from a host system to a network transceiver coupled to a carrier sense, multiple access with collision detection (CSMA/CD) computer network." **Ex. A**, '094 patent at cols. 29:9-11, 30:58-61. The specification of the '094 patent is directed to "[e]arly transmission of data in a network interface" and discloses the use of Ethernet Transmitter and Receiver modules. *Id.* at Abstract; col. 9:16-30, Fig. 4 (blocks 62 and 66).

5. The asserted claims of the '872 patent are directed to an apparatus "[f]or a system transmitting frames of data across a communications medium" and "[a] network interface adapter for a carrier sense, multiple access network with collision detection (CSMA/CD)." **Ex. B**, '872 patent at cols. 30:5-6, 32:60-62. The '872 patent specification is directed to "[e]arly initiation of transmission of data in a network interface" and discloses the use of Ethernet Transmitter and Receiver modules. *Id.* at Abstract; col. 9:45-59, Fig. 4 (blocks 62 and 66).

6. Counsel for 3Com Corporation, the original assignee of the '094 and '872 patents who assigned the patents to USEI, stated in the *3Com Corporation v. Realtek Semiconductor*, No. C 03-2177 (VRW) (N.D. Cal.) ("the *Realtek* Litigation") trial on March 24, 2008 that the '094 and '872 patents "represent inventions created by 3Com's engineers to help make communications

2

faster on Ethernet networks." **Ex. D**, Trial Tr. Vol. 1 at 45:16-18 (Mar. 24, 2008). 3Com's technical expert in the same trial testified that the two patents "are designed with the ethernet protocol in mind." *Id.* at Vol. 3 at 356:24-357:3. And USEI's infringement expert in this suit agrees that the patents "clearly focus on Ethernet systems." **Ex. Z**, Rough Dep. Tr. of M. Mitzenmacher (January 16, 2014) at 35:8-20, 43:4-14.

7. Claims 23 and 26 of the '874 patent are directed to "[a] method of managing indication signals by a host processor, the indication signals generated from a network adapter in response to data transfer event occurring at the network adapter." **Ex. C**, '874 patent at col. 41:33-36. The specification of the '874 patent is directed to "[i]ndication and interrupt signals generated by a network adapter" and discloses the use of Ethernet Transmitter and Receiver modules. *Id.* at Abstract; col. 9:38-51, Fig. 4 (blocks 62 and 66).

8. USEI's LPR 3-1 Infringement Contentions (served on September 21, 2012) and its Amended Infringement Contentions (that accompanied its Motion for Leave to Supplement/Amend its Infringement Contentions filed on September 19, 2013 (D.I. 301)) (collectively referred to as "USEI's Infringement Contentions") and the expert reports of Dr. Michael Mitzenmacher and Mr. P. Stuckey McIntosh accuse only the Ethernet controllers of the accused Freescale products of practicing certain limitations of every asserted claim of the '094 and '872 patents and claims 23 and 26 of the '874 patent. *See* **Ex. E**, Excerpts from USEI Infringement Contentions (September 21, 2012)[1]; **Ex. V**, Excerpts from Amended Claim Charts for the '872 patent[2]; **Ex. W**, Expert Report of Dr. Mitzenmacher at 6, 17-53, 74-93, 96-129, 146-161, 163-187, 197-205, 207-213, 216-241, 252-261, 263-269, 272-280; **Ex. W-C**, "Table

---

[1] Excerpts from the Claim Charts for the Coldfire and i.MX products for the '094 patent and the Coldfire, PowerQUICC II, and i.MX products for claims 23 and 26 for the '874 patent.

[2] Excerpts from the Claim Charts for the Coldfire, PowerQUICC II, and i.MX products for the '874 patent.

Identifying Each Accused Product and Its Ethernet Controller"; **Ex. X**, Excerpts from Expert Report of Mr. McIntosh at ¶¶ 11-12, 19-31, 45-74, 176-206; **Ex. X-C**, "List of Freescale Infringing Products"; see **Ex. Z**, Rough Dep. Tr. of M. Mitzenmacher at 103:16-104:8.

9. In its infringement contentions and expert reports, USEI identified 19 products without Ethernet controllers as allegedly infringing the patents-in-suit and selected a single Freescale product manual for a single product from an accused Freescale product family that happens to contain an Ethernet controller, presumably under the misunderstanding that the selected product was "representative." *Id.* USEI proceeded to map the alleged infringement to that allegedly representative product *and its Ethernet controller*. *Id.*

10. However, for many of the accused Freescale product families, there are members of each product family *that simply do not contain Ethernet controllers* and therefore are not capable of using Ethernet, despite the fact that the purportedly representative product manuals.

11. For example, the MCF5208 Reference Manual is not representative of the MCF5207 because the MCF5207 (like the other products identified above) does not contain an Ethernet controller. See **Ex. H**, Excerpt from MCF5208 Reference Manual at FSL-USEI_345901–345902 (the Device Configuration Table for the MCF5207 and MCF5208).

12. There are a number of the Freescale products that similarly lack the Ethernet functionality of a supposedly representative product. The following 19 Freescale products are accused of infringing Ethernet claims but do not have Ethernet controllers (and thus have no Ethernet capability): MCF5206, MCF5206E, MCF5207, MCF52274, MCF52277, MCF5232, MCF5233, MCF5249, SCF5250, MCF5327, MPC8240, MPC8241, MPC8245, i.MX1, i.MX21,

i.MX21S, i.MX233, i.MXL, and i.MXS.[3] These products are part of the Freescale Coldfire, PowerQUICC II, and i.MX product families.[4]

13. USEI accuses the following Freescale products without Ethernet controllers of infringing the Ethernet claims of the '094 patent: MCF5206, MCF5206E, MCF5207, MCF52274, MCF52277, MCF5232, MCF5233, MCF5249, SCF5250, MCF5327, i.MX1, i.MX21, i.MX21S, i.MX233, i.MXL, and i.MXS.

14. USEI accuses the following Freescale products without Ethernet controllers of infringing the Ethernet claims of the '872 patent: MCF5206, MCF5206E, MCF5207, MCF52274, MCF52277, MCF5232, MCF5233, MCF5249, SCF5250, MCF5327, MPC8240, MPC8241, MPC8245, i.MX1, i.MX21, i.MX21S, i.MX233, i.MXL, and i.MXS.

15. USEI accuses the following Freescale products without Ethernet controllers of infringing the Ethernet claims of the '874 patent: Among those, the following do not have Ethernet controllers: MCF5206, MCF5206E, MCF5207, MCF52274, MCF52277, MCF5232, MCF5233, MCF5249, SCF5250, MCF5327, MPC8240, MPC8241, MPC8245, i.MX1, i.MX21, i.MX21S, i.MX233, i.MXL, and i.MXS.

---

[3] *See* **Ex. F**, Excerpt from MCF5206 User's Manual at FSL-USEI_345368–70; **Ex. G**, Excerpt from MCF5206E User's Manual at FSL-USEI_344842–44; **Ex. H**, Excerpt from MCF5208 Reference Manual (supports MCF5207) at FSL-USEI_345901–02; **Ex. I**, MCF5235 Reference Manual (supports MCF5232 and MCF5233) at FSL-USEI_349551–52; **Ex. J**, MCF5249 User's Manual at FSL-USEI_0701312–15; **Ex. K**, MCF5329 Reference Manual (supports MCF5327) at FSL-USEI_356698-99; **Ex. L**, Excerpt from MCF5227x ColdFire Microprocessor Data Sheet at FSL-USEI_1528582 (shows that the MCF52274 and MCF52277 do not have Ethernet Controllers); **Ex. M**, Excerpt from SCF5250 User's Manual at FSL-USEI_601427-29; **Ex. N**, Excerpt from MPC8240 User's Manual at FSL-USEI_442483–85; **Ex. O**, Excerpt from MPC8245 User's Manual (supports MPC8241) at FSL-USEI_1546575, FSL-USEI_1546627–29; **Ex. P**, Excerpt from MC9328MX1 Data Sheet at FSL-USEI_1024097–98; **Ex. Q**, Excerpt from MC9328MX21 Product Preview at FSL-USEI_0929224–25; **Ex. R**, Excerpt from MC9328MX21S Product Brief at FSL-USEI_1109310–11; **Ex. S**, Excerpt i.MX23 Reference Manual (supports i.MX233) at FSL-USEI_091455–58; **Ex. T**, Excerpt from MC9328MXL Data Sheet at FSL-USEI_1024221–22; **Ex. U**, Excerpt from MC9328MXS Data Sheet at FSL-USEI_1024022–23.

[4] *Id.*

5

16. USEI's infringement expert Mr. McIntosh testified that, in order to infringe claims 23 and 26 of the '874 patent, Freescale products must have the "fast Ethernet controller or even another Ethernet controller in order to meet the limitation of network adapter." **Ex. Y**, Excerpts from Dep. Tr. of P. McIntosh (January 16, 2014) at 155:3-9. **Ex. X**, *see* Excerpts from Expert Report of Mr. McIntosh at ¶ 12.

17. USEI's infringement expert Dr. Mitzenmacher testified that his "understanding is pretty much all the accused products, or all the accused products that … are relevant in this case, utilize an Ethernet network adapter … so in considering the arguments for infringement, that's what I've had to look at." **Ex. Z**, Rough Dep. Tr. of M. Mitzenmacher at 19:4-20:8.

## III. ISSUES PRESENTED

Whether accused Freescale products without Ethernet capability can infringe asserted claims that are directed to Ethernet.

## IV. LEGAL STANDARD

"To support a summary judgment of noninfringement it must be shown that, on the correct claim construction, no reasonable jury could have found infringement on the undisputed facts or when all reasonable factual inferences are drawn in favor of the patentee." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1353 (Fed. Cir. 2001). "Infringement requires … a showing that a defendant has practiced each and every element of the claimed invention." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) (*citing Warner–Jenkinson Co., Inc. v. Hilton Davis Corp.*, 520 U.S. 17, 40 (1997)), overruled on other grounds, *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1306 (Fed. Cir. 2012) (*en banc*).

## V. ARGUMENT

### A. The Ethernet Claims Recite Ethernet/Networking Components

Because all of the claims of the '094 and '872 patents and claims 23 and 26 of the '874 patent claims recite Ethernet and networking components, they are directed towards Ethernet. ¶¶ 4-7 *supra*.

### B. USEI's Infringement Contentions and Expert Reports Accuse Only the Ethernet Controllers of the Accused Freescale Products of Practicing Limitations of the Ethernet Claims.

USEI's Infringement Contentions and Expert Reports of Infringement accuse the Ethernet controllers of the accused Freescale products of practicing limitations of the Ethernet Claims. ¶¶ 8-11 *supra*.

### C. Freescale Products That Do Not Have Ethernet Controllers Cannot Infringe the Ethernet Claims.

19 of the Freescale accused products that USEI claims practice the Ethernet Claims simply do not have Ethernet controllers. ¶¶ 12-15 *supra*. Consequently, these 19 products cannot infringe the Ethernet Claims – which are directed to the practice of Ethernet.

In its Responsive Letter Brief, USEI argues that (1) grouping of the accused products is appropriate and (2) the accused functionality of the Freescale products is the same. (D.I. 497-1 at 2.) Freescale does not begrudge USEI grouping products; however, the simple fact is that these 19 products ***do not share the same functionality as their "representatives."*** It is not a matter of using different terminology, as USEI's experts allege. (*Id.* at 4.) According to Dr. Mitzenmacher and Mr. McIntosh, the groupings USEI uses are appropriate in view of the functionality at issue in the asserted patents. *Id.* This reasoning is precisely why USEI's groupings fail. It is not simply the fact that the functionality is dissimilar, it is that the functionality in these 19 products ***does not even exist.***

Indeed, USEI's own infringement expert concedes that, for the Ethernet Claims of the '874 patent, Freescale products must have an Ethernet controller in order to meet the network

7

adapter claim limitation. ¶ 16 *supra*. Similarly, USEI's other infringement expert's only infringement opinion relating to the '094 and '872 patents requires an Ethernet controller for all accused Freescale products. ¶ 17 *supra*. His opinions are solely based on and, in fact, require the Ethernet controllers of the accused products to be present. *Id.*

Because USEI mapped the practice of certain limitations of every Ethernet Claim onto Ethernet controllers contained in allegedly representative Freescale products of each accused product family, and because the aforementioned Freescale accused products do not contain Ethernet controllers and therefore have no Ethernet capability, those products cannot practice the Ethernet-directed claim limitations and thus cannot infringe the Ethernet Claims. Accordingly, USEI has no evidence in support of its claims of infringement as to these products, and summary judgment is therefore appropriate.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant summary judgment of no infringement of all the asserted claims of the '094 and '872 patents and claims 23 and 26 of the '874 patent by the accused Freescale products that do not have Ethernet controllers.

| | |
|---|---|
| Dated: January 20, 2014 | Respectfully submitted,<br>*/s/ Michael Chibib*<br>Alan D. Albright<br>State Bar No. 00973650<br>Barry K. Shelton<br>State Bar No. 24055029<br>Michael Chibib<br>State Bar No. 00793497<br>Conor M. Civins<br>State Bar No. 24040693<br>Benjamin L. Bernell<br>State Bar No. 24059451<br>Joshua L. Tucker<br>State Bar No. 24048847<br>Alan.Albright@bgllp.com<br>Barry.Shelton@bgllp.com<br>Michael.Chibib@bgllp.com<br>Conor.Civins@bgllp.com<br>Ben.Bernell@bgllp.com<br>Josh.Tucker@bgllp.com<br>**BRACEWELL & GIULIANI LLP**<br>111 Congress Avenue, Suite 2300<br>Austin, Texas 78701<br>Telephone: (512) 472-7800<br>Facsimile: (800) 404-3970<br><br>Jennifer Parker Ainsworth<br>State Bar No. 00784720<br>jainsworth@wilsonlawfirm.com<br>WILSON, ROBERTSON & CORNELIUS, P.C.<br>909 ESE Loop 323, Suite 400<br>P.O. Box 7339 [75711]<br>Tyler, Texas 75701<br>Telephone: (903) 509-5000<br><br>***ATTORNEYS FOR DEFENDANT FREESCALE SEMICONDUCTOR, INC.*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing and exhibits thereto was served upon counsel of record by pdf via e-mail on January 20, 2014.

| | |
|---|---|
| John C. Herman | *Attorneys for Plaintiff* |
| Ryan K. Walsh | U.S. ETHERNET INNOVATIONS, LLC |
| Peter M. Jones | |
| David L. Gann | |
| ROBBINS GELLER RUDMAN & DOWD LLP | |
| 3424 Peachtree Street, N.E. | |
| Monarch Centre, Suite 1650 | |
| Atlanta, GA 30326 | |
| jherman@rgrdlaw.com | |
| rwalsh@rgrdlaw.com | |
| pjones@rgrdlaw.com | |
| dgann@rgrdlaw.com | |

T. John Ward, Jr.
Wesley Hill
WARD & SMITH LAW FIRM
PO Box 1231
Longview, TX 75606-1231
jw@wsfirm.com
wh@wsfirm.com

*/s/ Benjamin L. Bernell*
Benjamin L. Bernell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that **Exhibits W, X, Y, and Z to Defendant Freescale's Motion for Summary Judgment of Non-infringement of the Asserted Claims of U.S. Patent Nos. 5,732,094 and 5,434,872 and Claims 23 and 26 of U.S. Patent No. 5,530,874 Due to No Ethernet Functionality** should be filed under seal because they contain material designated as confidential and/or highly confidential under the protective order approved and entered by the Honorable Judge John D. Love in this case as Stipulated Protective Order on November 7, 2012.

Dated: January 20, 2014

*/s/ Michael Chibib*